8/31/2022 9:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67829449
By: Patricia Jones
Filed: 8/31/2022 9:23 AM

Cause No. **2022-54772 / Court: 333**

| | | |
|---|---|---|
| **Tavonda Willis** | § | IN THE DISTRICT COURT OF |
| | § | |
| -VS- | § | HARRIS COUNTY, TEXAS |
| | § | |
| **Kroger Texas, LP** | § | _____ JUDICIAL DISTRICT |

<u>**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TAVONDA WILLIS**, hereinafter referred to as Plaintiff, and complains **KROGER TEXAS, LP**, hereinafter referred to as Defendant. Whether one or more, and files this her Original Petition and would respectfully show this Honorable Court as follows:

## I. Discovery Control Plan

1.1   Pursuant Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level of this Rule

## II.   Request for Disclosure

2.1   Pursuant to Rule 194of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 **within fifty days** of the service of this request.

## III. Parties

3.1   Plaintiff is a resident of Harris County, Houston, Texas.

3.2   Defendant, **KROGER TEXAS, LP** is a Delaware limited liability company corporation authorized to transact business in the State of Texas. Defendant, **KROGER TEXAS, LP's** principle place of business is in Texas and may be served with citation by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**EXHIBIT A**

## IV. Jurisdiction

4.1   The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is within the minimum jurisdictional limits of this Honorable Court. The Plaintiff seeks monetary relief of over $250,000.00 but no more than $1,000,000.00 dollars.

4.2   The court has personal jurisdiction over Defendant **KROGER TEXAS, LP** because Defendant maintains continuous and systematic contacts within the State of Texas owning, leasing, servicing and/or providing services throughout the State of Texas. Additionally, Defendants maintain a registered agent in the State of Texas.

## VI. Venue

5.1   Venue is proper and maintainable in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## VI. Factual Background

6.1   On or about December 18, 2021, Plaintiff Tavonda Willis was and invitee at Kroger's located at 9125 W. Sam Houston Parkway N., Houston, Texas 77064, Harris County, Texas. Plaintiff's serious injuries occurred when she was walking inside of the grocery store in an aisle near the detergent products when she slipped thought to be liquid detergent and falling onto the floor striking her body twisting her ankle. The liquid detergent had been allowed to remain in the area of the pedestrian aisle in an area designed for use by patrons/invitees of the grocery store. The liquid detergent had been in the area for a long enough period of time that the Defendant should have known of the dangerous condition, or alternatively the Defendant had actual knowledge of the dangerous condition. Due to the severity of the injuries. Ms. Willis required medical treatment and surgery and remains disabled.

**EXHIBIT A**

6.2     At the time of the incident, Plaintiff was an invitee on the property in question. The property is owned, controlled, and/or managed by Defendant **KROGER TEXAS, LP.** At no time did Plaintiff do or fail to do anything which caused or in anyway contributed to the incident in question. Plaintiff received no warnings prior to the incident and was fault. Said incident was proximately caused by the negligence of Defendant and/or Defendant's agents, servants, employees and/or representatives.

### VII.  Negligence of Defendant, KROGER TEXAS, LP

7.1     At the time ad on the occasion in question, Defendant **KROGER TEXAS, LP,** owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries.

a. Plaintiff was an invitee on the property;

b. A condition on the premises posed an unreasonable risk of harm;

c. Defendant knew or reasonably should have known of the risk of harm;

d. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or make the condition safe.

e. Defendant breached the duty of ordinary care by allowing the substance to remain on the floor;

f. Defendant breached the duty of ordinary are by falling to adequately warn of the dangerous condition or failing to make the condition reasonably safe; and;

g. Defendant's breach proximately caused the Plaintiff's injuries.

**EXHIBIT A**

7.2  At the time of the incident in question, Defendant **KROGER TEXAS, LP** and its agents servants, employees and/or representatives, controlled, serviced and/or maintained the exact premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent foreseeable risk of injury and assumed a duty to provide a safe premises. As a matter of routine, Defendant should have discovered the dangerous condition and taken corrective action in a timely manner, but failed to do so. Specifically, Defendant breached its duty of care by allowing the fruit thought to be berries and/or grapes to remain on the floor of the pedestrian aisle of the grocery store and by not promptly assuring that invitees to the grocery store had a safe surface on which to walk while visiting and grocery shopping inside of Kroger's. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

## VIII. *Respondeat Superior*

**8**.1  Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the upkeep of the of the walking/pedestrian areas of the grocery store were acting in the capacity as an agent, servant, and/or employee of Defendant **KROGER TEXAS, LP,** and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendants and they should be held responsible for the acts of their agents and/or employees and/or servants.

8.2  Plaintiff states that the foregoing, Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for the damages and the injuries of Plaintiff.

## IX. Damages

9.1  By reason of the foregoing, Plaintiff has sustained damages for which she seeks compensation under the law;

a.  physical pain and suffering sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

b.  mental anguish sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

**EXHIBIT A**

    c.    medical expense Plaintiff has incurred in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

    d.    disfigurement sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

    e.    physical impairment sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

    f.    all other elements of damage to which Plaintiff may show herself to be entitled to under law.

## X. Interest

10.1　In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XI. Prayer

11.1　FOR THESE REASONS, Plaintiff prays that Defendant be duly cited to appear and answer herein, and that upon a final trial of this cause of action Plaintiff recover:

(a)　Judgment against the Defendant, for Plaintiff's actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

(b)　Pre-judgment interest and post-judgment interest as provided by law;

(c)　Costs of court;

(d)　Such other and further relief to which Plaintiff may be entitled.

**EXHIBIT A**

Respectfully submitted,

DeSimone Law Office

By: */s/ Donald G. DeSimone*
Donald G. DeSimone
SBN: 05776710
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
Email: ddesimone@desimonelawoffice.com
Phone#       (713) 526-0900
Fax#   (713) 526-8041
**Attorney for Plaintiff**

**EXHIBIT A**